_____ Priority
_____ Send
_____ Clsd
_____ Enter
_____ JS-5/JS-6
_____ JS-2/JS-3

FILED
CLERK, U.S. DISTRICT COURT
01-14-02
JAN 14 2002
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mattel Inc., | Case No. CV02-00322-NM(JWJx) |
|           Plaintiffs, | STANDING ORDER |
|    v. | |
| Greiner & Hausser, Etc., et al, | |
|           Defendants. | |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to the calendar of Judge Nora M. Manella.

Both the Court and the attorneys bear responsibility for the progress of litigation in the Federal Courts. To secure the just, speedy, and inexpensive determination of every action, Fed. R. Civ. P. 1, all counsel are ordered to familiarize

ENTER ON ICMS
JAN 15 2002

revised 11/6/01

1    themselves with the Federal Rules of Civil Procedure and the Local Rules of the

2    Central District of California.*

3        IT IS FURTHER ORDERED:

4        **1.** <u>**Service of the Complaint:**</u> The Plaintiff shall promptly serve the

5    Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant

6    to Local Rule 5-3.1.

7        **2.** <u>**Removed Actions:**</u> Any answers filed in state court must be attached to

8    the Notice of Removal.  Any pending motions must be re-noticed as required by

9    Local Rule 7.

10        **3.** <u>**Presence of Lead Counsel:**</u> Lead trial counsel shall attend any proceeding

11    before this Court, including all status and settlement conferences.

12        **4.** <u>**Rule 26(f)Meeting of Counsel:**</u> Counsel for the parties shall meet

13    personally pursuant to FRCP 26(f) and applicable Local Rules in anticipation of the

14    court-ordered scheduling conference. FRCP 16(b).

15        **5.** <u>**Joint Report of Rule 26(f) Meeting:**</u> No later than fifteen (15)court

16    days before the Scheduling Conference, counsel shall file a Joint Report of Rule 26(f)

17    Meeting. **A conformed courtesy copy** of the Joint Report shall be delivered to the

18    courtesy box on the wall outside the entrance to Judge Manella's chambers on the

19    Spring Street level of the U.S. Courthouse, 312 North Spring Street, **by 4:00 p.m. on**

20    **the date due.** A Joint Report which is not timely filed or does not conform with this

21

22    ————————————

23          *       Copies of the Local Rules are available on our website at
     "http://www.cacd.uscourts.gov" or they may be purchased from one of the following:

24    Los Angeles Daily Journal         West Group
25    915 East 1st Street               610 Opperman Drive
     Los Angeles, California 90012     Post Office Box 64526
26                                 St. Paul, Minnesota 55164-0526

27    Metropolitan News
     210 South Spring Street
28    Los Angeles, California 90012

Order, FRCP 26(f), and applicable Local Rules will interfere with preparation by the Court and its staff, and may result in the assessment of sanctions.

The Joint Rule 26(f) Report shall address the matters set forth in FRCP 26(f) (some of which are enumerated below), and shall also contain the following:

(a)   A brief statement by <u>each</u> party, not to exceed one (1) page, setting forth that party's factual summary of the case, including the basis for any claims, counterclaims, or defenses.

(b)   The basis for the Court's subject-matter jurisdiction.

(c)   A brief description of the key legal issues.

(d)   The realistic range of probable damages.

(e)   The likelihood of appearance of additional parties.

(f)   Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

(g)   A proposed discovery cut-off date. <u>Note</u>: this means the final day for <u>completion of discovery</u>, including resolution of all discovery motions.

(h)   What motions (other than discovery motions) are contemplated.

(i)   Prospects of settlement based on counsel's discussion at the Rule 26(f) meeting and any other communications.

(j)   Whether the trial will be a court or jury trial.

(k)   The estimated length of trial.

(l)   The name of the attorney(s) who will try the case.

(m)   Prospects of counsel exercising their right, under 28 U.S.C. §636, to consent to the designation of a Magistrate Judge to conduct all proceedings (including trial) and final disposition, pursuant to General Order 194-G.**

**6.   Mandatory Settlement Procedure:** In conformity with the Local Rules, counsel shall file the settlement procedure selection by the date given by the Court at

---

**Counsel should note that they may select from among the panel of available Magistrate Judges i.e., counsel are not limited to consenting to the Magistrate Judge assigned to this case, provided all parties concur. A list of the current available Magistrate Judges is included. Counsel should note that the Magistrate Judge will set his/her own discovery schedule and will be able to give counsel a "date certain" for trial.

the time of the Scheduling Conference.  Available alternatives for consideration, not to the exclusion of others, include:

    (1)    a settlement conference before the district judge or magistrate judge assigned to the case; Note: **the Court does not participate in settlements of cases on its own docket.**

    (2)    a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel (list available from the Courtroom Deputy);

    (3)    the employment by the parties of a private judge, mediator or arbitrator; or

    (4)    a settlement conference before a district judge selected at random from the Civil Settlement Panel.

**7.  Discovery:**  All discovery matters have been referred to a United States Magistrate Judge, who will hear all discovery disputes.  (The Magistrate Judge's initials follow the Judge's initials next to the case number.)  All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing.  Please do not deliver courtesy copies of these documents to this Court.

The decision of the Magistrate Judge shall be final, subject to modification by the District Court only where it has been shown that the Magistrate Judge's Order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this Court.  The moving party must file and serve the motion within ten (10) days of service of a written ruling or within ten (10) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must specify which portions of the text are clearly erroneous or contrary to law and support the contention with points and authorities.  Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

revised 11/6/01                    4

**8. Motions:**

   **a. Time for Filing and Hearing Motions:** Motions shall be filed in accordance with Local Rule 7; the next available motion date can be obtained from the Courtroom Deputy or the Filing Window. This Court hears motions on **Mondays, commencing at 10:00 a.m.** Counsel will be sent a briefing schedule giving due dates for opposition & reply, including all declarations & supporting documentation. **No supplemental brief shall be filed without prior leave of Court.** Conformed courtesy copies of **reply papers only** shall be delivered to the courtesy box on the wall outside the entrance to Judge Manella's chambers on the Spring Street level of the U.S. Courthouse, 312 North Spring Street, **by 4:00 p.m. on the date due.**

   Adherence to the timing requirements is mandatory for chambers' preparation of motion matters.

   **b. Pre-filing Requirement:** Counsel should take note of the changes to the Local Rules affecting motion practice in the Central District. Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues sufficiently that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference.

   **c.   Length and Format of Motion Papers: Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages.** Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.

   **Typeface shall comply with Local Rule 11-3.1.1. NOTE: If Times Roman font is used, the size must be no less than 14; if Courier is used, the size must be no less than 12.** Footnotes shall be in typeface no less than one size smaller than text size and shall be used sparingly.

revised 11/6/01                                    5

1   Filings which do not conform to the Local Rules and this Order will not be

2   considered.

3       **d.  Courtesy Copies:**  Counsel shall deliver a conformed courtesy copy

4   of all **reply** papers in motion matters to the courtesy box on the wall outside the

5   entrance to Judge Manella's chambers on the Spring Street level of the U.S.

6   Courthouse, 312 North Spring Street, **by 4:00 p.m. on the date due.**  Please do not

7   supply courtesy copies of moving or opposition papers. **Failure to supply courtesy**

8   **copies of reply papers may result in the hearing being taken off calendar.**

9       **e.  Motions for Summary Judgment:**  Before filing a motion for

10   summary judgment, counsel are strongly encouraged to review Chapter 14 of

11   Schwarzer, Tashima & Wagstaffe, California Practice Guide:  Federal Civil

12   Procedure Before Trial (1998).  To assist the Court, the moving party shall submit the

13   required Statement of Uncontroverted Facts and Conclusions of Law as set forth in

14   Form 14:C **(copy attached as Exhibit 1)**.  The opposing party shall submit the

15   required Statement of Genuine Issues as set forth in Form 14:D **(copy attached as**

16   **Exhibit 2)**, responding first to each of the moving party's alleged uncontroverted

17   facts, then listing any material facts in dispute, and citing to supporting evidence.

18   **Note:  Separate statements that fail to comply with the above format will not be**

19   **considered.**

20       **9.  Proposed Orders:**  Each party filing or opposing a motion or seeking the

21   determination of any matter shall serve and lodge a Proposed Order setting forth the

22   relief or action sought and a brief statement of the rationale for the decision with

23   appropriate citations.  If the Proposed Order exceeds two pages, the proposing party

24   shall also submit the document on a 3½-inch diskette compatible with WordPerfect

25   6.1 or 7.0.

26       **10.  Telephonic Hearings:**  The Court will conduct status conferences by

27   telephone if any party outside the district so requests, and all involved parties

28   consent.  The attorney requesting the telephonic hearing shall contact the Courtroom

revised 11/6/01                              6

1  Deputy Clerk, Judy Hurley, (213)894-0200, at least one week prior to the date

2  scheduled for the motion or conference to make the necessary arrangements.

3      A member of the Court's staff will place the conference call.   To assist the

4  Court and staff, participants shall identify themselves each time they speak.

5      **11.   Ex Parte Applications:**  Counsel are reminded Ex parte applications are

6  solely for extraordinary relief.  See Mission Power Engineering Co. v. Continental

7  Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995).  Applications which fail to conform

8  with Local Rules 7-19 and 7-19.1, **including a statement of opposing counsel's**

9  **position,** will not be considered. The Court considers ex parte applications on the

10  papers and usually does not set these matters for hearing. In addition to the

11  requirements of Local Rules 7-19 and 7-19.1, the moving party shall serve the

12  opposing party by facsimile transmission and shall notify the opposition that

13  opposing papers must be filed no later than twenty-four hours following such

14  facsimile service.   Counsel shall deliver a conformed courtesy copy of moving,

15  opposition, or notice of non-opposition papers to the courtesy box outside the

16  entrance to Judge Manella's chambers on the Spring Street level of the U.S.

17  Courthouse, 312 North Spring Street.  The Courtroom Deputy Clerk will notify

18  counsel of the Court's ruling or a hearing date and time, if the Court determines a

19  hearing is necessary.

20      **12.   Continuances:**  Counsel requesting a continuance must lodge -- prior to

21  the date to be continued -- a Proposed Stipulation and Order including a detailed

22  declaration of the grounds for the requested continuance or extension of time.  See

23  Local Rule 7-11.  The Court grants continuances only upon a showing of good cause,

24  focusing on the diligence of the party seeking the continuance and any prejudice that

25  may result if the continuance is denied.  Failure to comply with the Local Rules and

26  this Order will result in rejection of the request without further notice to the parties.

27  **Proposed stipulations extending scheduling dates do not become effective unless**

28  **and until signed by the Court.  Counsel  shall comply with Local Rule 11-4.5.**

revised 11/6/01                          7

1    **13.  Communications with Chambers:**  Counsel shall not attempt to contact

2  the Court or its chambers staff by telephone or by any other ex parte means, although

3  counsel may contact the **Courtroom Deputy, Judy Hurley, at (213)894-0200,** with

4  appropriate inquiries.  To facilitate communication with the Courtroom Deputy,

5  counsel should list their facsimile transmission numbers along with their telephone

6  numbers on all papers.

7    **14.  Notice of this Order:**  Counsel for plaintiff shall immediately serve this

8  Order on all parties, including any new parties to the action.  If this case came to the

9  Court by noticed removal, defendant shall serve this Order on all other parties.

10  Enclosed is a Document Imaging Enrollment Form for counsel to complete and return

11  to the address indicated on the form.

14  Dated: January 14, 2002

16                        NORA M. MANELLA
                             United States District Judge

revised 11/6/01          8

[FORM 14:C]

**STATEMENT OF UNCONTROVERTED FACTS
AND CONCLUSIONS OF LAW
(Required in California Central District)**

1  ........................
2  ........................
   ........................
3  ........................
4  Attorneys for Plaintiff

5

6

7

8              UNITED STATES DISTRICT COURT

9          ....... DISTRICT OF CALIFORNIA

10

11  ..........................,     )
                                    )    No. CV ..-........
12              Plaintiff,          )
                                    )    STATEMENT OF UNCONTROVERTED
13       v.                         )    FACTS AND CONCLUSIONS OF LAW
                                    )    [Central District Local Rule
14  ..........................      )              7.14.1]
                                    )
15              Defendant.          )    Hearing Date:  ............
                                    )          Time:  ............
16  ─────────────────────────────

17         After consideration of the papers in support of and in

18  opposition to plaintiff's motion for summary judgment and the oral

19  argument of counsel, the Court determines that the following facts

20  have been established as,

21                   UNCONTROVERTED FACTS

22         1.  Plaintiff is a citizen of California and defendant

23  is a citizen of New York.

24            [Declaration of Plaintiff, page 1, lines 18-21;

25            Deposition of Defendant, page 5, lines 8-22.]

26         2.  Plaintiff and Defendant entered into a written

27  contract for the construction of a house in .....................

28  County, California.

**Exhibit 1**

1   [Complaint, page 3, lines 9-11; admitted in
2   Defendant's answer, page 1, lines 3-4.]
3   3.   Plaintiff is a licensed general contractor.
4   [Complaint, page 2, lines 5-6; admitted by
5   Defendant's failure to deny.]
6   4.   Plaintiff has performed all conditions of the
7   contract, except installation of a security system.
8   [Copy of contract attached as Exhibit "A" to
9   complaint; admitted in Defendant's answer, page
10   page 2, lines 3-4.  Declaration of Plaintiff,
11   page 3, lines 10-22.]
12   5.   Installation of the security system was excused by
13   Defendant's refusal to allow Plaintiff access to the portion of
14   the building site required for such installation.
15   [Declaration of Plaintiff, page 5, lines 11-28;
16   Defendant's answer to Interrogatory No. 3.]
17   6.   Defendant agreed to pay Plaintiff $180,000 and only
18   $100,000 has been paid.
19   [Paragraph 2 of contract (see ¶4, above);
20   declaration of Plaintiff, page 7, lines 6-8;
21   Defendant's response to Request for Admission No. 6.
22   Based on the foregoing Uncontroverted Facts, the Court
23   now makes its,
24   CONCLUSIONS OF LAW
25   1.   The Court has jurisdiction of this action, pursuant
26   to 28 U.S.C. § 1332.
27   2.   Defendant has breached the contract with Plaintiff
28   by failure to pay according to its terms.

Exhibit 1

1        3.    Plaintiff is owed the sum of $80,000 by Defendant under the

2    contract and Plaintiff has been damaged in said amount by Defendant's breach.

3        4.    Plaintiff is entitled to prejudgment interest on this liquidated

4    sum at the statutory rate of seven percent (7%) per annum.

5        5.    Judgment shall be entered in Plaintiff's favor consistent

6    herewith (*).

7

8    Dated: . . . . . . . . . . .

9

10                                 _____

                                United States District Judge

11

12

13

14

15   (*)   A separate "Proposed Judgment" must be served and lodged with the court.

16   [See CD CA Rule 7.14 1]

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**

[FORM 14:D]

## STATEMENT OF GENUINE ISSUES
## IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
### (Required in California Central District)

```
 1   .................................
 2   .................................
 3   .................................
     .................................
 4
 5   Attorneys for ....................
 6
 7
 8                  UNITED STATES DISTRICT COURT
 9             .......... DISTRICT OF CALIFORNIA
10
11   ..............................,)   No.: ....................
12                                 )
              Plaintiff,           )   STATEMENT OF GENUINE ISSUES IN
13   vs.                           )   OPPOSITION TO MOTION FOR SUMMARY
                                   )   JUDGMENT (Central District)
14   ..............................,)   Date: ..........................
15                                 )   Time: ..........................
              Defendant.           )   Place: .........................
16   _____)
17        (Plaintiff/defendant) ......................... submits this statement

18   of genuine issues pursuant to Central District of California Local Rule 7.14.2 in

19   opposition to the motion for summary judgment herein filed by ..................

20        Facts 1 through ........ below correspond to the facts and supporting

21   evidence presented in the Statement of Uncontroverted Facts filed by the moving

22   party.  These facts are followed by additional material facts and supporting

23   evidence showing a genuine issue.

24        MOVING PARTY'S ALLEGED              RESPONSE TO OPPOSITION

25        UNCONTROVERTED FACTS

26   1.  [Copy from moving party's        1.  Plaintiff agrees this is

27       statement]                           undisputed.

28   /////
```

Exhibit 2

```
 1    2.  [Copy from moving party's              2.  Plaintiff denies this is undisputed.
 2        statement]                                 See Declaration of .................
 3                                                   ...................., page 3, lines
 4                                                   7-20; see also Defendant's answer to
 5                                                   Plaintiff's Interrogatory No. 21,
 6                                                   attached to the above declaration.
 7              Opposing party also contends that the following other material facts
 8    are in dispute:  [set forth issue and evidence]
 9    DATED:  ............., 19....
10                                            /s/_____
11                                            (Attorney's name typed)
12                                            Attorneys for ...........................
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

**Exhibit 2**

## United States Magistrate Judges Currently Available for
## Civil Consent Cases(alphabetical)

The following Magistrate Judges are currently available for consent cases, pursuant to 28 U.S.C. 636(c) and Local Rule 6.6 of the Local Rules Governing Duties of Magistrate Judges.  To confirm a particular Magistrate Judge's ability to schedule the trial in the time frame desired by the parties and/or willingness to accommodate any other special requests of the parties, please contact that Magistrate Judge's courtroom deputy prior to filing/lodging the consent form.

| Magistrate Judge | Courtroom Deputy/Telephone Number |
|---|---|
| Rosalyn M. Chapman | Debra Taylor-Spears/213-894-4583 |
| Marc L. Goldman | Ellie Gammage/714-338-4755 |
| Jeffrey W. Johnson | Amalia Carrillo/213-894-5369 |
| Stephen G. Larson | James Munoz/909-328-4464 |
| Arthur Nakazato | Melissa Cash/714-338-4756 |
| Patrick J. Walsh | Isabel Martinez/213-894-8958 |
| Ralph Zarefsky | Ilene Bernal/213-894-8256 |

8/28/01