
Priority
Send
Clsd
Enter
JS-5/JS-6
JS-2/JS-3

FILED
CLERK, U S DISTRICT COURT
MAY 17 2002
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREINER & HAUSSER GmbH, a German business entity; R. HAUSSER, an individual; M.-L. HAUSSER, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 02-00322 NM (JWJx)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

## I. INTRODUCTION

Mattel, Inc. ("Mattel") initiated this action for declaratory and injunctive relief January 11, 2002, against Greiner & Hausser GmbH ("G&H"), R. Hausser, and M.-L. Hausser (collectively, "Defendants").

Now pending before the court is Mattel's motion for preliminary injunction, seeking to enjoin Defendants from asserting "in any jurisdiction," specifically Germany, any allegation or claim that Mattel has infringed or impaired any rights to or interests in Defendants' "Bild Lilli" doll.


ENTERED ON ICMS
MAY 20 2002
CV

## II. RELEVANT FACTUAL BACKGROUND

On March 24, 1961, G&H and Louis Marx & Co. ("Marx"), G&H's exclusive American licensee, filed a complaint for patent infringement against Mattel in United States District Court, Southern District of California, Central Division (hereinafter "California Action"). See Pruetz Decl. Ex. C. G&H and Marx alleged that Mattel was wilfully infringing G&H's U.S. Patent No. 2,925,684 for a doll hip joint. Id. Mattel filed an answer and a counterclaims for declaratory relief and unfair competition. Pruetz Decl. Ex. D at 73-76

G&H and Marx subsequently filed a "counterclaim" against Mattel for unfair competition, alleging that Mattel's Barbie dolls were a "direct take-off and copy" of G&H's "Bild-Lilli" doll, and that Mattel falsely advertised and represented that Mattel had "pioneered and originated the said doll design." Pruetz Decl. Ex. E at 82. Mattel followed by asserting amended counterclaims for (1) declaratory judgment that G&H's patent was invalid and uninfringed by Mattel; (2) unfair competition, alleging that G&H and Marx conspired to compete unfairly with Mattel by marketing an inferior doll of confusingly similar appearance to Mattel's Barbie doll; and (3) patent infringement against Marx of two Mattel toy gun patents. Pruetz Decl. Ex. F at 90-95.

On March 4, 1963, Marx, G&H, and Mattel entered into a "Stipulation of Dismissal," stating that "Plaintiff's Complaint and Counterclaims against defendant, and Defendant's Counterclaims against plaintiff [are] dismissed with prejudice as to all causes of action raised by said pleadings . . . ." Pruetz Decl. Ex. A.

In February 1964, Mattel and G&H apparently entered into a series of agreements by which Mattel obtained from G&H all rights to use and reproduce the Bild Lilli doll worldwide, with the exception of the territories licensed to Marx. Pruetz Decl. Ex. B at 18-20, 48, 50-51; see also Mot. at 4-5; Defendants' Mot. to Dismiss at 6-7. The Marx territories were automatically transferred to

Mattel upon expiration of G&H's contracts with Marx in July 1970. Pruetz Decl. Ex. B at 19.

In May 2001, G&H filed suit in Germany against Mattel ("the German Action"). See Pruetz Decl. Ex. B. In the German Action, G&H claims it was defrauded into entering into the 1964 license agreements with Mattel through Mattel's alleged misrepresentation of sales figures for its Barbie dolls, and that had G&H known the actual sales figures, it would have insisted on being paid a royalty for every Barbie doll sold rather than accepting a flat payment. See Pruetz Decl. Ex. B at 11, 25. G&H seeks a declaratory judgment that it is entitled to refuse to fulfill the 1964 license agreements in which G&H granted Mattel the rights of use for the Lilli doll. Id. at 8, 32. G&H also seeks damages in the form an appropriate royalty for every Barbie doll sold since 1964. Id. at 25.

### III. ANALYSIS

*A. Standard*

A preliminary injunction is appropriate when the movant demonstrates either: 1) a combination of probable success on the merits and the possibility of irreparable harm; or 2) the existence of serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping sharply in favor of the movant. Candence Design Sys., Inc. v. Avant! Corp., 125 F.3d 824, 826 (9th Cir. 1997); Sardi's Restaurant Corp. v. Sardie, 755 F.2d 719, 723 (9th Cir. 1985). These standards "are not separate tests but the outer reaches of a single continuum." International Jensen Inc. v. Metrosound USA, Inc., 4 F.3d 819, 822 (9th Cir. 1993) (internal quotation marks omitted). The test is a "continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987) (quoting San Diego Comm. Against Registration and the Draft v. Governing Board of Grossmont Union High School Dist., 790 F.2d 1471,

1473 n.3 (9th Cir. 1986)). To overcome a weak showing of meritoriousness, a plaintiff seeking a preliminary injunction must make a very strong showing that the balance of hardships tips in his/her favor. See Rodeo Collection, 812 F.2d at 1217.

"An injunction never issues as a matter of course: '[i]n each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief[.]'" Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial, § 13:39 (2002) (hereinafter "Schwarzer").

In moving for a preliminary injunction, the burden of persuasion remains with the party seeking the relief. See West Point-Pepperell, Inc. v. Donovan, 689 F.2d 950, 956 (11th Cir. 1982). However, a "preliminary injunction is not a preliminary adjudication of the merits." Schwarzer § 13:50. "The findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." University of Texas v. Camenish, 451 U.S. 390, 395 (1981); Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1423 (9th Cir. 1984) (for preliminary relief, a court need only find a probability that necessary facts will be established, not that such facts actually exist.).[1]

### B. Application

Mattel argues it is likely to prevail on the merits of its claim that based on the 1963 Stipulation of Dismissal entered in the California Action, the doctrines of res judicata and collateral estoppel bar Defendants from litigating in the German Action any allegation that Mattel's 1959 Barbie doll is a copy of G&H's "Bild

---

[1] Courts have discretion to consider otherwise inadmissible evidence in ruling on the merits of a motion for a preliminary injunction. See Gable-Leigh, Inc. v. North American Miss, --- F. Supp.2d ---, No. CV 01-01019 MMM (SHx), 2001 WL 521695, at *12 n.68 (C.D. Cal. Apr. 13, 2001) (Morrow, J.) (citations omitted).

Lilli" doll. Defendants contend that res judicata and collateral estoppel are inapplicable here, as the German Action involves conduct alleged to have occurred after the 1963 Stipulation of Dismissal.

Res judicata bars a successive suit where the prior suit (1) involved the same claim as the successive suit; (2) reached a final judgment on the merits; and (3) involved the same parties or their privies. See Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993). Similarly, collateral estoppel bars the relitigation of issues that have been adjudicated in a previous suit. See In re Gale Palmer, 207 F.3d 566, 568 (9th Cir. 2000).

The bulk of the German Complaint clearly deals with alleged conduct that occurred after the 1963 Stipulation of Dismissal entered in the California Action. In connection with the German Action, G&H asserts it was defrauded into entering into the 1964 license agreements with Mattel through Mattel's alleged misrepresentation of sales figures for its Barbie dolls, and that had G&H known the actual sales figures, it would have insisted on being paid a royalty for every Barbie doll sold rather than accepting a flat payment. See Pruetz Decl. Ex. B at 11, 25. As the 1963 judgment may preclude recovery only on claims and issues asserted in the 1961 complaint, it cannot be given the effect of extinguishing claims and issues which did not then exist and thus could not have been litigated in the previous case. See Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000) (citing Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 328 (1955)).

Mattel concedes that G&H's fraudulent inducement charges cannot be barred in Germany, and argues that the injunction it seeks is limited only to the extent G&H seeks to "relitigate" the copying allegations raised in the California action. However, while the German Complaint does reference similarities between the Barbie and Lilli dolls, it appears to assert no causes of action equivalent to the copying and unfair competition claims raised in the California Action. Accordingly, it is doubtful that the requested injunction would have any

impact on the German Action. Moreover, the references in the German Action to alleged "copying" appear limited to the fact that the 1964 agreements involved, inter alia, payment for Mattel's admittedly unauthorized use of intellectual property rights in the Lilli doll. See Pruetz Decl. Ex. B at 48 ("Mattel Inc. . . . has been using U.S.A. Patent No. 2 925 684 belonging to Greiner & Hausser m.b.H. Neustadt bei Coburg, Federal Republic of Germany in the USA and Canada for some time in the manufacture and sale of the Barbie doll.").[2] Mattel argues that because G&H now seeks damages in the form of royalties for Barbie dolls sold since 1964, its prayer for relief in the German Action necessarily hinges upon relitigating copying claims raised in the California action. Such an argument ignores G&H's allegation that Mattel's alleged fraudulent misrepresentations caused G&H to agree to accept a one-time payment rather than a royalty per unit. See Pruetz Decl. Ex. B at 11. Thus, the damages sought in the German Action do not appear to arise out of any copying allegations per se.

In light of the above, Mattel fails to establish a likelihood of success on, or even serious questions going to, the merits of its claim that res judicata and collateral estoppel bar any part of the German Action from going forward. While a federal district court with jurisdiction over the parties has the power to enjoin them from proceeding with an action in the courts of a foreign country, this power should be used "sparingly," and the decision to enjoin such actions lies "squarely within the discretion of the district courts." Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League, 652 F.2d 852, 855 & n. 5 (9th Cir. 1981) (internal quotation marks omitted). Given the clear differences between the allegations raised in the California and German Actions, the court finds no basis for exercising its

---

[2] Indeed, in order to "satisfy the claims of Greiner & Hausser GmbH resulting from the use of the [] patent," Mattel paid a "non-recurrent settlement" amounting to 25,000 deutschmarks. Id.

6

discretion to issue such an injunction here. Rather, it appears Mattel's arguments regarding res judicata and collateral estoppel would more appropriately be addressed in the German forum.[3]

Mattel also fails to show it will be irreparably harmed if the requested injunction does not issue. Mattel asserts that it will shoulder a "tremendous financial burden" if it is forced to litigate the German Action, and that "re-litigation threatens to irreparably tarnish Mattel and its valuable Barbie brand." Mot. at 20, 22. However, Mattel concedes that it is opposing G&H's fraud charges on the merits in Germany. See Reply at 3. Accordingly, even should an injunction issue, Mattel would still incur substantial litigation costs and be exposed to a threat to its reputation due to the allegations of fraudulent conduct.

In short, Mattel fails to raise a likelihood of success on, or serious questions going to, the merits of its claims that res judicata and collateral estoppel bar any portion of the German Action from going forward. Mattel also fails to make a showing of irreparable injury. Accordingly, Mattel's motion for a preliminary injunction is **DENIED**.

---

[3] In addition to the deficiencies noted above, at this stage in the litigation the issue whether the court has personal jurisdiction over the parties to issue the requested injunction is far from clear. See Defendants' Motion to Dismiss, filed May 1, 2002.

7

## IV. CONCLUSION

For the reasons stated above, the court <u>denies</u> Mattel's motion for a preliminary injunction.

IT IS SO ORDERED.

DATED: May 16, 2002

Nora M. Manella
United States District Judge